### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., ANGELA JOHNSON and JESSICA MAURIZIO, and <br><br> STATE OF ILLINOIS, ex. rel., ANGELA JOHNSON, and JESSICA MAURIZIO, <br><br>    Plaintiffs, <br><br> v. <br><br> D.E.L.L. CHILD DEVELOPMENT CORPORATION, an Illinois Corporation, and DEBORAH LUSTMAN, individually, <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    No. 02-4123-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court on relators' motion for summary judgment (Doc. 64). On July 6, 2006, the Court ordered defendants to show cause why it should not construe their failure to respond to relators' motion as an admission of its merits and enter judgment against them. (Doc. 67). Defendant Deborah Lustman (Lustman) responded to the Court's order the next day. (Doc. 68). Lustman disputes the facts alleged in plaintiffs' motion, but claims she did not and cannot respond to plaintiffs' motion because she lacks the resources to defend the action properly. She asks the Court not to consider her failure to respond as an admission of the merits of the motion. (*Id*. at 2). Defendant DELL has not responded to the summary judgment motion or to the Court's show cause order. For the following reasons, the Court will **GRANT** plaintiffs' motion for summary judgment.

## BACKGROUND

Relators filed this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1) & (2), and the Illinois Whistleblower Reward and Protection Act (IWRPA), 740 ILCS 175/1, *et seq.*, against DELL and Lustman, alleging Lustman, as the owner of DELL, defrauded the State of Illinois by obtaining reimbursements for childcare services to which neither she nor DELL were entitled. (Doc. 1). On December 5, 2003, the United States intervened in this matter as to Counts I and III of relators' complaint and declined to intervene as to Counts II, IV, V and VI. (Docs. 26, 27). The State of Illinois declined to intervene. (Doc. 46).

These proceedings have been stayed while the United States prosecuted Lustman for mail fraud. *See* Case. No. 05-CR-40082-GPM. The government prosecuted Lustman for the same acts that relators use as the basis of their complaint. On December 2, 2005, Lustman pleaded guilty to an information charging her with mail fraud. (05-CR-40082, Docs. 1, 2). In her stipulation with the government, she admitted to knowingly falsifying certain reports with respect to the childcare program run by DELL. (05-CR-40082-GPM, Doc. 5). She admitted to "hav[ing] knowingly falsified certain reports with respect to the childcare program in the amount of approximately $25,000.00." (*Id.*).[1] Judge Murphy sentenced Lustman to one year of probation, assessed her $100.00, fined her $500.00 and ordered her to pay restitution of $25,000.00. (05-CR-40082, Doc. 16). She paid the $25,000.00 prior to her sentencing. (05-CR-40082-GPM, Doc. 27).

## ANALYSIS

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] In this stipulation, the United States contended that Lustman falsified reports to the amount of $85,000.00. (05-CR-40082, Doc. 5).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. The moving party has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotations and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

To succeed on their FCA claims, relators must show that defendants "made a record or statement to get the government to pay money; (2) the record or statement was false or fraudulent; and (3) the defendant[s] knew it was false or fraudulent." *United States ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999); 31 U.S.C. § 3729(a)(2). Relators claim Lustman's guilty plea and stipulation serve to prove each of these elements conclusively.

In the Seventh Circuit, "a criminal conviction based upon a guilty plea conclusively establishes for purposes of subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987) (quoting *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977)). As such, when Lustman pleaded guilty to the mail fraud count, she effectively pleaded guilty to all the material facts alleged in the indictment on that count. *Id*.

The information to which Lustman pleaded guilty alleged she submitted false and fraudulent statements to one of the Illinois Department of Human Services's Child Care Resource and Referral agencies (CCR&R), and did so knowingly. Specifically, it alleged Lustman "engaged in a scheme to defraud the State of Illinois by knowingly falsifying CCR&R records to receive payment which she was not entitled to receive." (05-CR-40082-GPM, Doc. 1). It charged that DHS administered its childcare program with federal dollars through various regional CCR&Rs, including the CCR&R to which Lustman submitted false claims. (*Id*.). To the extent these facts are subject to dispute, Lustman lost her opportunity to dispute them by failing to respond to relators' motion. S.D.Ill.Local.R. 7.1(c). Further, Both the FCA and the IWRPA estop a defendant "from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding" after she pleads guilty to committing fraud or making false statements. 31 U.S.C. § 3731(d); 740 ILCS 175/5(d). Clearly, Lustman's criminal conviction involves the same transaction or transactions at issue here. Accordingly, the Court finds that plaintiffs have met their burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

Plaintiffs claim defendants are jointly and severally liable for $75,000.00 in compensatory

damages and for plaintiffs' attorney's fees and costs. As previously noted, Lustman admitted that she knowingly falsified reports in the amount of $25,000.00. Thus, under 31 U.S.C. § 3729(a) and 740 ILCS 175/3(a) – which provide for a civil penalty of three times the amount of damages which the Government sustained because of a defendant's activities – plaintiffs assert their right to $75,000.00. Further, 31 U.S.C. § 3730(d)(1) and 740 ILCS 175/4(d)(1) require the Court to order a liable defendant to pay reasonable attorney's fees and costs incurred by relators in pursuing the action against the defendant. Finally, under 740 ILCS 175/4(d)(1), Court must order the defendant to pay the State of Illinois's reasonable attorney's fees.

## CONCLUSION

The Court **GRANTS** plaintiffs' motion for summary judgment (Doc. 64). The Court finds the following:

1. Defendants are jointly and severally liable for the payment of compensatory damages of $75,000 (3 x $25,000, the amount of false claims admitted to by Lustman in the criminal proceedings);

2. Defendants are jointly and severally liable to the Relators, Angela Johnson and Jessica Maurizio, for attorneys fees and costs relating to their pursuit of the instant action;

3. Defendants are jointly and severally liable to the Illinois Attorney General for her reasonable costs in pursuing Defendants under the Illinois Whistleblower Reward and Protection Act; and

4. Relators, Angela Johnson and Jessica Maurizio, and the Illinois Attorney General are to submit affidavits verifying their attorneys fees and costs for the Court's

consideration and further hearing if required by the Court.

The Court hereby **REFERS** this case to Magistrate Judge Frazier for the calculation of Relators' and the Illinois Attorney General's attorneys fees.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 17, 2006**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **U.S. District Judge**